UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| LOU E. DONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00060 |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 38) recommending that the Court deny Lou Doney's Motion for Judgment on the Administrative Record (Doc. No. 35) and affirm the decision of the Social Security Agency Commissioner (the "Commissioner"). This motion is ripe for decision. (Doc. Nos. 39, 40). Doney's objection will be overruled, and the R&R will be approved and adopted.

Doney filed an application for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") claiming she had been disabled and unable to work since March 23, 2017, due to type 2 diabetes, depression, anxiety, panic attacks, hypothyroidism, a pinched nerve, gastroesophageal reflux disease ("GERD"), and dementia. (Doc. No. 38 at 2; see also Doc. No. 27 at 49, 63). The ALJ determined that Doney was not disabled within the meaning of the Social Security Act and denied her claims. (Doc. No. 38 at 2; see also Doc. No 27 at 9, 18). Doney filed this case after, the Appeals Council declined her request to review the ALJ's decision. (Doc. No. 38 at 3).

After explaining the appropriate legal standards under 42 U.S.C. § 405(g), the Magistrate Judge concluded that the ALJ properly considered and weighed the opinion evidence from

consulting senior psychological examiner Jeffrey Scott Herman. (Doc. No. 38 at 10–14). The Magistrate Judge concluded that "Doney has not shown that the ALJ's evaluation of Herman's opinion in formulating Doney's [residual functional capacity] violated SSA regulations or lacked the support of substantial record evidence." (Id. at 14). Doney objects, arguing that the ALJ's residual functional capacity ("RFC") determination is unsupported by substantial evidence because the ALJ "failed to properly weigh" Herman's opinion and "offered no explanation as to why certain portions of the opinion were rejected." (Doc. No. 39 at 1). When a party objects to portions of the R&R, the Court reviews those portions *de novo*. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court evaluates the evidence without granting any deference to the Magistrate Judge's findings and conclusions. See Matthews v. Weber, 423 U.S. 261, 270–71 (1976). Applying this standard, the court will overrule the objection.

First, Herman observed that Doney "is capable of performing a task of a simple and repetitive nature." (Doc. No. 27 at 395). He cautioned that although Doney is "likely to overreact" to criticism or teasing, would struggle with written instruction, and would "likely go off track if pressured to work faster," she is "capable of interacting with coworkers and supervisors" and performing independent tasks "fairly well." (Id. at 395–96). The ALJ then "opined that [Doney] is limited to simple and repetitive tasks, [able to] concentrate for those tasks, interact with others, and adapt to workplace changes, but would have difficulty with written instructions." (Id. at 15). The ALJ further concluded that Herman's opinion "is partially persuasive, as [Doney's] anxiety and cognitive defects support more specific limitations in the domains of social interaction and adaptation." (Id.). In short, the ALJ's analysis relies upon Herman's report and considered it in light of the entire record.

Second, Doney argues that the Magistrate Judge should have found that the ALJ ignored

2

Herman's observations that she overreacts to criticism and "would likely go off track if pressured to work faster," (Doc. No. 39 at 2–3), and that the Magistrate Judge should have found that Herman's report supports a conclusion not reached by the ALJ: that her lack of concentration and susceptibility to criticism significantly limits her ability to engage in substantial gainful activity, especially without "pace, persistence, or concentration limits in the RFC." (Id. at 2, 4). The Court disagrees. Under the operative regulations, the ALJ is to evaluate the persuasiveness of medical opinions in light of five factors, including supportability and consistency, rather than give them specific evidentiary weight. See 20 C.F.R. § 404.1520c(a)-(c); see also Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247–48 (6th Cir. 2007). The ALJ need not discuss every "piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion." Boseley v. Comm'r of Soc. Sec. Admin., 397 F. App'x 195, 199 (6th Cir. 2010). Although the ALJ did not explicitly address Doney's proclivity for distraction or difficulty with written instructions—as observed by Herman—the ALJ nonetheless concluded that Doney's "anxiety and cognitive deficits support more specific limitations in the domains of social interaction and adaptation." (Doc. No. 27 at 15). The ALJ also imposed a functional limitation that Doney only have "occasional contact with co-workers, supervisors, and the public," and that Doney be limited to work that was simple but detailed. (Id. at 14). These conclusions are consistent with Herman's observations that despite Doney's difficulty with concentration, criticism, and written instructions, she is nonetheless "capable of interacting with coworkers and supervisors" and performing independent tasks "fairly well." (Id. at 395–96); see also Baker v. Comm'r of Soc. Sec., 21 F. App'x 313, 315 (6th Cir. 2001) (noting that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

Third, the ALJ's findings are consistent with other medical opinions in the record. See

3

Blake v. Astrue, No. 3:11-cv-00317, 2012 U.S. Dist. LEXIS 71135, at *43 (W.D. Va. May 22, 2012) (noting that an ALJ is "not required to comment on every finding in a medical opinion . . . when the medical source opinions of record are consistent"). In addition to Herman's assessment, the ALJ reviewed the examination of Rebecca Sweeney, Ph.D and Rebecca Hansmann, Psy.D. (Doc. No. 27 at 19). Each opined that Doney "could understand and remember simple tasks, concentrate for two hours at a time, interact appropriately with others, and adapt to infrequent change." (Id.). These findings support both Herman's assessment and the ALJ's conclusions. Each of these findings support the conclusion that there is substantial evidence supporting the ALJ's conclusion.

For the foregoing reasons, the R&R (Doc. No. 38) is **APPROVED AND ADOPTED** and Doney's objections are **OVERRULED**. Doney's Motion for Judgment Upon the Administrative Record (Doc. No. 35) is **DENIED** and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter a final judgment in accordance with Federal Rule of Civil Procedure 58 and close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE